RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

JONATHAN S. PASTERNAK
ERICA R. FEYNMAN

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                            Chapter 11
                                                                  Case No. 10 B    ( )
WESTCHESTER CANDY SUPPLY, INC.

                            Debtor.

-------------------------------------------------------------X

## DECLARATION OF WILLIAM BURNS
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF WESTCHESTER     )

WILLIAM BURNS, being duly sworn, deposes and says:

1. I am the president of Westchester Candy Supply, Inc. (the "Debtor"), a New York corporation.

2. Part I of this Affidavit describes the Debtor's business and circumstances leading to the commencement of the chapter 11 case. Part II provides the balance of the information required by Local Bankruptcy Rule 1007-2.

# PART I

## BACKGROUND

**Local Rule 1007-2(a)(1)**

3. The Debtor owns and operates candy, snacks and tobacco distribution company located at 329 Adams Street, Bedford Hills, NY 10507. (the "Premises"). The Premises contain offices and a warehouse.

4. The Debtor formed in 1974 and operated out of different locations until 1992, when it moved into its current location, which Premises are owned by 329 Adams Street Corp. ("Landlord"), which entity has the same shareholders as the Debtor.

5. The Debtor has seen its revenues drop from over $8 million per year in 2004 to slightly more than $4 million in 2008. The downturn in business has been due to the overall downturn in the economy, compounded by the decrease in demand for cigarette sales over the previous few years.

6. Concomitantly, one of the Debtor's shareholders, Gerard Burns, commenced in 2009 a dissolution proceeding in Supreme Court, Westchester County, which has further drained the Debtor's time and resources.

10. Notwithstanding the continued economic downturn, the Debtor believes its business can once again be viable and profitable and desires to reorganize its affairs through the protections afforded under Chapter 11 of the Bankruptcy Code.

# PART II

## LOCAL RULE 1007-2(a)

**Local Rule 1007-2(a)(2)**

11. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**Local Rule 1007-2(a)(3)**

12. No committee was organized prior to the order for relief being entered.

**Local Rule 1007-2(a)(4)**

13. A list of the Debtor's twenty largest unsecured creditors is annexed hereto as Exhibit "A".

**Local Rule 1007-2(a)(5)**

14. A list of the Debtor's five largest secured creditors is annexed hereto as Exhibit "B.

**Local Rule 1007-2(a)(6)**

15. A summary of the Debtor's assets and liabilities is annexed as Exhibit "C".

**Local Rule 1007-2(a)(7)**

16. The Debtor does not have any publicly held shares of stock, debentures or other securities.

**Local Rule 1007-2(a)(8)**

17. None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, secured creditor, or agent for such entity.

**Local Rule 1007-3(a)(9)**

18. The Debtor operates its business at 329 Adams Street, Bedford Hills, NY 10507.

**Local Rule 1007-2(a)(10)**

19. The Debtor's assets, books and records are located at 329 Adams Street, Bedford Hills, NY 10507.

**.Local Rule 1007-2(a)(11)**

20. A schedule of pending litigation involving the Debtor is annexed hereto as Exhibit "D".

**Local Rule 1007-2(a)(12)**

21. The Debtor's sole remaining officer and director is William Burns.

**Local Rule 1007-2(b)(1)**

22. The estimated weekly gross payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the filing of the chapter 11 petition is $5,500.

**Local Rule 1007-2(b)(2)**

23. The estimated amount to be paid for services to the officers of the Debtor's general partner for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

**Local Rule 1007-2(b)(3)**

24. A schedule of the Debtor's estimated receipts or disbursements during the next thirty (30) days is annexed hereto as Exhibit "E.

## Conclusion

25. In addition to the foregoing, a copy of the shareholder resolution authorizing the filing of the instant Chapter 11 petition is annexed as Exhibit "F".

26. A list of all officers, director and shareholders is annexed as Exhibit "G".

27. The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to reorganize its obligations in Chapter 11.

28. The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Bedford Hills, New York
February 25, 2010

/s/ William Burns, President

# EXHIBIT "A"

## TWENTY LARGEST UNSECURED CREDITORS*

\* List does not include insiders within the meaning of 11 U.S.C. Section 101(14)

| HSBC Bank | $11,000 |

# EXHIBIT "B"

## FIVE LARGEST SECURED CREDITORS

NONE

# EXHIBIT "C"

## SUMMARY OF ESTIMATED ASSETS AND LIABILITIES AS OF FEBRUARY 15, 2010

ASSETS:

| | |
|---|---|
| Inventory | $80,000 |
| Cash On Hand | $5,000 |
| Accounts Receivable | $15,000 |
| Miscellaneous Equipment, Net of Depreciation | $2,500 |
| TOTAL ASSETS: | 102,500 |

LIABILITIES:

| | |
|---|---|
| Excise/Sales Taxes Payable | $160,000 |
| Accounts Payable | $11,000 |
| Shareholder loans payable | $30,000 |
| Disputed shareholder claim | $unknown |
| TOTAL LIABILITIES: | $201,000 |

## EXHIBIT "D"

**PENDING LAWSUITS**

<u>In Matter of Gerard Burns For Judicial Dissolution, Etc.</u>
Index No. 12036/09. Supreme Court, Westchester County

# EXHIBIT "E"
## 30 DAY ESTIMATED RECEIPTS AND DISBURSEMENTS

**RECEIPTS:**

| | |
|---|---|
| Sales | $250,000 |
| DIP Loan Required | $30,000 |
| **TOTAL RECEIPTS:** | **$280,000** |

**DISBURSEMENTS:**

| | |
|---|---|
| Purchase of Goods | $170,000 |
| Rent | $2,500 |
| Excise Sales Taxes | $100,000 |
| Non-Officer Payroll (gross) | $5,500 |
| Utilities | $1,200 |
| Insurance | $500 |
| Fuel | $850 |
| **TOTAL DISBURSEMENTS:** | **$280,550** |

# EXHIBIT "F"

## SHAREHOLDER RESOLUTION

The undersigned, the president of Westchester Candy Supply, Inc., a corporation organized under the laws of the State of New York (the "Company"), does hereby certify that at a duly called meeting of the Board of Directors held on the 25th day of February, 2010, the following resolutions were adopted, and they have not been modified or rescinded, and are still in full force and effect:

"RESOLVED, that in the judgment of the Company, it is desirable and in the best interests of the Company, that its officers be empowered to cause a petition under Chapter 11 of the Bankruptcy Code to be filed by the Company upon such date, and in the event, in their discretion, such action should become necessary for the protection of the Company and the preservation of its assets without further notice to the officers of the Company; and it is further

RESOLVED, that the Officers of the Company, or any of them, be and they hereby are authorized on behalf of the Company to execute and file all petitions, schedules, lists and other papers and to take any and all action which they may deem necessary or proper in connection with such proceedings under Chapter 11, and in that connection to retain and employ Rattet, Pasternak & Gordon-Oliver, LLP, and to retain and employ all assistance by other legal counsel or otherwise which they may deem necessary or proper with a view to the successful conclusion of such reorganization case."

**IN WITNESS WHEREOF,** I have hereunto set my hand, this 25th day of February, 2010.

_____
William Burns, President

# EXHIBIT "G"

## Schedule of Equity Owners

SHAREHOLDERS:

Gerard J. Burns – 33%
William J. Burns – 33%
Sal P. Carlino – 33%